UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MIRON KENNETH TAYLOR, )<br>a/k/a Abdul Al-Hakeem Afiz, )<br> )<br>Petitioner, )<br> )<br>vs. )<br> )<br>DAVE DORMIRE, )<br> )<br>Respondent. ) | Case No. 4:06-CV-426 (JCH) |

## MEMORANDUM AND ORDER

The matter is before the Court on Miron Taylor's[1] pro se Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254, filed March 6, 2006. (Doc. No. 2). The matter is fully briefed and ready for a decision.

## BACKGROUND

On May 18, 2000, a jury in the Circuit Court of the City of St. Louis, Missouri found Petitioner guilty of First Degree Murder and Armed Criminal Action. (Resp., Doc. No. 14 Ex. B at pg. 119). On June 30, 2000, the trial court sentenced him to concurrent terms of life without the possibility of parole and twenty years. (Id. at pg. 120). Petitioner filed an appeal, which was denied by the Missouri Court of Appeals on November 21, 2001. (Id. at Ex. G). On March 14, 2002, Petitioner filed a Rule 29.15 Motion for post-conviction relief in the Circuit Court of the City of St. Louis, Missouri, which was denied on November 19, 2003. (Id. at Ex. H pg. 7). On May 15, 2004,

---

[1]Although Petitioner calls himself Abdul Al-Hakeem Afiz, it appears that his legal name is still Miron Taylor.

- 1 -

Petitioner appealed the post-conviction court's judgment, which the Missouri Court of Appeals affirmed on April 19, 2005. (Id. at Ex. H, K).

In his Petition, filed March 6, 2006, Petitioner raises the following grounds[2] for relief:

1. The trial court lacked jurisdiction over him because the State violated Art. III(a) of the Interstate Agreement on Detainers[3] ("IAD"), 18 U.S.C. App. 2 § 2;

2. The St. Louis Police Department ("St. Louis PD") violated his rights by interviewing him on July 7, 1995 and then releasing him the next day;

3. The trial court erred by holding that he was a persistent offender;

4. He received ineffective assistance of counsel because his trial counsel did not impeach the testimony of witnesses from the St. Louis PD;

5. He received ineffective assistance of counsel because his trial counsel did not cross examine Mike Mingo;

6. He received ineffective assistance of counsel because his trial counsel did not understand the IAD and asked for continuances; and

7. He received ineffective assistance of counsel because his appellate counsel failed to assert all the claims he wanted raised on appeal.

## **DISCUSSION**

A state prisoner may petition for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner is entitled "'to relief on federal habeas corpus only upon proving that [his] detention violates . . . fundamental liberties . . . safeguarded against state action by the Federal Constitution.'" Wessling v. Bennett, 410 F.2d 205, 209 (8th Cir. 1969)(quoting Townsend v. Sain, 372 U.S. 293,

---

[2]The Court has rearranged Petitioner's claims for the sake of clarity.

[3]In his Traverse, Petitioner alleges a 42 U.S.C. § 1983 claim based on the IAD violation. Petitioner cannot bring this claim because habeas corpus is the exclusive remedy for a state prisoner "who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994)(citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973)).

312 (1963)). "'[I]t is not the province of a federal habeas court to re-examine state-court determinations [of] state-law questions.'" Gee v. Groose, 110 F.3d 1346, 1349 (8th Cir. 1997)(quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)). Rather, a federal court is limited "'to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.'" Id.

**Exhaustion**

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. §2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir. 1995), cert. denied, 515 U.S. 1163 (1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner must survive this exhaustion analysis, or the petition must be dismissed. Rose v. Lundy, 455 U.S. 509 (1982).

The record demonstrates that Petitioner's claims are exhausted either because they have been properly raised in the state courts, or because Petitioner has no available non-futile state remedies by which he could present his claims.

**Procedural Default**

In Claim Two, Petitioner alleges that the St. Louis PD improperly took him into custody, questioned him, and let him go. In Claim Three, Petitioner alleges that the trial court improperly held that he was a prior offender. In Claim Four, Petitioner alleges that his trial counsel was ineffective because she did not try to impeach the testimony of witnesses from the St. Louis PD. In Claim Five, Petitioner alleges ineffective assistance of counsel because his trial counsel did not cross examine Mike Mingo. A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994)(citation omitted). A Missouri inmate defaults claims which should have been raised, but were not, on appeal from the denial of a motion for post-conviction relief. Moore-El v. Luebbers, 446 F.3d 890, 897-98 (8th Cir. 2006); Lowe-Bey v.Groose, 28 F.3d 816, 818 (8th Cir. 1994). Because Petitioner has failed to raise these claims properly in state court proceedings, the claims are defaulted and he is procedurally barred from pursuing them here. Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995). This Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Regarding each of these claims, Petitioner has failed to make a showing of cause. Additionally, Petitioner has made no showing that he is actually innocent; thus, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. Schlup v. Delo, 513 U.S. 298 (1995); Washington v. Delo, 51 F.3d 756, 761 (8th Cir. 1995), cert. denied, 516 U.S. 876 (1995). Claims Two through Five are procedurally defaulted and will be denied.

In Claim Seven, Petitioner alleges ineffective assistance of counsel because his appellate counsel did not assert all of the claims he wanted raised on appeal. Petitioner failed to state whether this claim relates to his counsel on direct appeal or post-conviction appeal. Ultimately, this

determination is irrelevant because habeas relief cannot be granted in either scenario. Any claim towards counsel on direct appeal is procedurally defaulted because it was not raised in his post-conviction proceedings. See Moore-El, 446 F.3d at 897-98. Any claim towards counsel on appeal from his post-conviction proceedings is not a cognizable claim for habeas relief because no federal constitutional right to effective assistance of post-conviction counsel exists. Link v. Luebbers, 469 F.3d 1197, 1206 (8th Cir. 2006). Claim Seven is denied.

## Claims Addressed on the Merits

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), P.L. 104-132, 110 Stat. 1214, made numerous changes to Title 28, Chapter 153 of the United States Code, 28 U.S.C. §§ 2241-2255, the chapter governing federal habeas petitions. Specifically, in Section 104 of the AEDPA, Congress added new subsection (d) to 28 U.S.C. § 2254. That subsection provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under the "contrary to" clause of § 2254(d)(1), a petitioner may prevail if the state court's decision is opposite to that reached by the United States Supreme Court on a question of law or if a state court decides a case differently than the United States Supreme Court despite confronting indistinguishable facts. See Copeland v. Washington, 232 F.3d 969, 973 (8th Cir. 2000)(citing

Williams v. Taylor, 529 U.S. 362 (2000) (holding that the "contrary to" clause refers to the Supreme Court's holdings and not its dicta)); see also Ramdass v. Angelone, 530 U.S. 156 (2000).

Under the "unreasonable application" clause of § 2254(d)(1), a writ may issue only if the state court identifies that correct governing legal principle from the United State Supreme Court's decisions but unreasonably applies the principle to the facts of the petitioner's case. See Williams, 529 U.S. at 412. Under this clause, a federal habeas court should ask "whether the state court's application of clearly established federal law [as determined by the United States Supreme Court] was objectively unreasonable." Id. at 1521. It is not enough for the federal habeas court to conclude in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable. Id. at 1522.

**1.      Violation of IAD**

Petitioner's first claim is that the state trial court had no jurisdiction over him because it violated Article III(a) of the IAD.[4] 18 U.S.C. App. § 2. Article III(a) requires that a prisoner, against whom a detainer has been lodged, shall be tried within 180 days of the prosecuting state's receipt of the prisoner's notice requesting speedy disposition of the charges. Id. The Supreme Court instructs that interpretation of the IAD is a matter of federal law. Cuyler v. Adams, 449 U.S. 433, 438 (1981).

The Supreme Court holds that an IAD violation is only a cognizable habeas claim when it creates a "fundamental defect." Reed v. Farley, 512 U.S. 339, 348, 352 (1994). In Hill v. United States, 368 U.S. 424 (1962) the Court first explained this test and instructed that habeas review is available if the violation of federal law qualifies "as a fundamental defect which inherently results in

---

[4]The IAD is a compact entered into by forty-eight states, the District of Columbia, and the federal government. Its purpose is to allow a state to gain custody over a prisoner, who is currently in the custody of another jurisdiction, for purposes of prosecution. Maggard v. Gammon, 197 F. Supp. 2d 1321, 1328 (D. Kan. 2002).

a complete miscarriage of justice or an omission inconsistent with rudimentary demands of fair procedure." Hill, 368 U.S. at 428. In Reed, a majority of the Court agreed that a violation of Article IV(c) of the IAD, which requires trial to commence within 120 days of the prisoner's arrival, is not cognizable under § 2254 because the petitioner did not object to the trial date at the time it was set and suffered no prejudice from the delay. Id. at 353-54.[5]

The Eighth Circuit, in a decision prior to Reed, held that a violation of Article IV(c) did not warrant habeas relief because petitioner did "not show[] actual prejudice or exceptional circumstances." Phillips v. Lockhart, No. 92-3402, 1993 WL 152728, at *1 (8th Cir. May 19, 1993); see Jenkins v. Purkett, 963 F.2d 1117, 1118-19 (8th Cir. 1992)(holding that violation of Article III(a) did not warrant habeas relief because of the "complete lack of prejudice"). The Third Circuit, also applying the fundamental defect standard, held that violations of Article III(a) do not warrant habeas relief. See Casper v. Ryan, 822 F.2d 1283, 1291 (3d Cir. 1987).[6]

Upon consideration, the Court finds that Petitioner's claim fails to satisfy the fundamental defect test. Petitioner has not alleged any facts that show prejudice occurred. The post-conviction court's findings support this conclusion. That court found that Petitioner "concedes ... that, but for the continuances requested by his attorneys, he would have been tried within the 180 day statutory

---

[5] Aside from this judgment and agreeing to the fundamental defect standard, Reed is a plurality opinion because a majority of the justices could not agree on the proper application of the Hill standard. Reed, 512 U.S. at 356 (Scalia, J., concurring in part and concurring in the judgment)(refusing to join the Court's opinion because it was "too parsimonious an application" of the Hill standard).

[6] For other cases holding that violations of the IAD do not create a fundamental defect, see Keeling v. Varner, 142 Fed. Appx. 506, 507 (2d Cir. 2005)(violation of Article IV(c) does not warrant habeas relief when no prejudice occurred); McCandless v. Vaughn, 172 F.3d 255, 263 (3d Cir. 1999)(trying prisoner on charges unrelated to detainer does not warrant habeas relief); Cross v. Cunningham, 87 F.3d 586, 587-88 (1st Cir. 1996)(delaying return to original state does not warrant habeas relief); Grandison v. Corcoran, 78 F. Supp. 2d 499, 516 (D. Md. 2000)(slight delay in 120 day period is not a fundamental defect)

limit." (Resp., Doc. No. 14 Ex. H at pg. 87). It also found that Petitioner admitted that the delays benefitted his defense. (Id.). The only prejudice he claimed was experiencing prolonged anxiety about the consequences of his father's death[7]. (Id.). Because Petitioner has failed to show any prejudice, Claim One is denied.

**2.      Ineffective Assistance of Counsel**

In Claim Six, Petitioner alleges that he received ineffective assistance of counsel because his trial counsel asked for continuances and did not understand the IAD. The Missouri Court of Appeals addressed this claim:

> The record reveals the following, as pertinent to this issue: The trial court executed an acknowledgment of Movant's request for Disposition of Detainers on April 14, 1999. Movant's case was continued on his behalf from June 23, 1999 to July 26, 1999, from July 27, 1999 to November 8, 1999, and from February 29, 2000 to May 15, 2000. Movant was tried before a jury from May 15, 2000 to May 18, 2000. Although the period between the acknowledgment and Movant's trial was clearly in excess of 180 days, as noted by the motion court, Movant clearly conceded in his motion that the continuances attributed to him tolled the 180-day period such that there was no IAD violation. In addition to this concession, Movant asserted that had trial counsel discussed the benefits and costs of requesting continuances, Movant would "have understood that a continuance could benefit his defense by permitting additional time for preparation and investigation, but also cost him a subsequent claim of lack of jurisdiction under the IAD." Movant later stated in his motion that the continuances were unjustifiable and did not benefit him at trial, but alleged prejudice only in that "Movant Taylor will testify he had an interest in minimizing his anxiety and concern over his father's death and its consequences for him," and that there was a reasonable probability Movant's case would have been dismissed at the trial level or reversed on appeal because Movant was tried in violation of the IAD.
>
> We agree with the motion court that the record clearly indicates that Movant's trial counsel made continuance requests because additional time was needed to prepare for trial. On July 21, 1999, Movant's counsel requested a continuance because counsel had just been assigned to Movant's case[;] on February 23, 2000 Movant's counsel moved for a continuance because counsel had resigned and Movant's case needed to be reassigned; and on April 10, 2000, Movant's counsel moved for a continuance because the case had just been reassigned and additional time was needed because the case was not ready for trial. These continuances were

---

[7]Petitioner's father was the murder victim in this case.

- 8 -

required to protect Movant's right to representation by counsel, were for Movant's benefit, and involved a period of time during which Movant was unable to stand trial. Given the evidence showing that Movant was not prepared for trial, the decision to request a continuance is not unreasonable regardless of counsel's awareness of Movant's IAD request. See McDonald v. State, 77 S.W.3d 722, 726 (Mo. App. S.D. 2002). Furthermore, Movant has failed sufficiently to allege how the result of his trial would have been different without the requests. Point denied.

.(Resp., Doc. No. 14 Ex. K).

In order to demonstrate ineffective assistance of counsel, Petitioner must show (1) his counsel's performance was deficient, in that his representation fell below an objective standard of reasonableness; and (2) that such deficient performance prejudiced Petitioner, in that there is a reasonable probability that but for counsel's errors the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668 , 688, 694 (1984). Upon consideration, the state court's determination of this issue was not an unreasonable application of federal law. Moving for continuances in order to prepare for trial properly is not deficient performance by counsel. Thus, Claim Six is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 9) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 119 S. Ct. 89 (1998).


Dated this 9th day of April, 2007.

                                          /s/ Jean C. Hamilton
                                      UNITED STATES DISTRICT JUDGE