# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| ABDUL AL-HAKEEM AFIZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-426-JCH |
| | ) | |
| DAVE DORMIRE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's "Motion Rule 60(b)" [Doc. 32]. For the following reasons the motion will be denied.

### Background

Petitioner filed this 28 U.S.C. § 2254 action in March 2006 [Doc. 1]. On April 9, 2007, the case was dismissed on the merits [Docs. 17 and 18]. Petitioner appealed. On February 14, 2008, the United States Court of Appeals for the Eighth Circuit denied petitioner a certificate of appealability and dismissed the appeal [Doc. 27]. The mandate issued on March 28, 2008 [Doc. 28].

On April 18, 2016, petitioner filed the instant Rule 60(b) motion. Upon review, the Court finds the motion to be a successive petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Applications by prisoners that assert a

---

[1] If a Rule 60(b) motion's factual predicate deals primarily with the

federal basis for relief from a state court judgment of conviction must comply with the second or successive restrictions. *See Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005).

Thus, to the extent that petitioner is seeking to relitigate claims that he brought in his original habeas petition, said claims must be denied. *See* 28 U.S.C. § 2244(b)(1). To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can proceed in this Court. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner does not claim, and there is no indication that, he been granted leave to file a successive habeas petition in this Court. As a result, the Rule 60(b) motion, liberally construed as a § 2254 petition, will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's Rule 60(b) motion [Doc. 32], liberally construed as a petition for writ of habeas corpus, is **DISMISSED, without prejudice**.

---

constitutionality of the underlying state conviction, it should be construed as a second or successive habeas petition. *See Peach v. United States,* 468 F.3d 1269, 1272 (10th Cir. 2006); Brian R. Means, Federal Habeas Manual § 11:42 (2012). Because the factual predicate of the instant motion deals with the validity of petitioner's state conviction, the Court construes the motion as a successive petition for writ of habeas corpus.

**IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability if he appeals this Order.

Dated this 10th day of May, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE